GISKAN SOLOTAROFF & ANDERSON LLP
217 Centre Street, 6th Floor
New York, New York 10013
(646) 964-9640
Jason L. Solotaroff
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

MAXINE CLEMMONS,

                Plaintiff,                Dkt. No.:

      -against-                **COMPLAINT**

LYCAMOBILE USA INC.,

                Defendant.

------------------------------------------------------------------------X

     Plaintiff Maxine Clemmons, by her attorneys Giskan Solotaroff & Anderson LLP, for her complaint against Defendant Lycamobile USA Inc. ("Lycamobile" or "Defendant") alleges as follows:

### Nature of the Action and Preliminary Statement

     1.     This is an action for race discrimination and retaliation in violation of 42 U.S.C. §1981, and race and sex discrimination and retaliation in violation of the New York City Human Rights Law ("NYCHRL").

     2.     Ms. Clemmons, an African American woman, worked in Lycamobile's Bronx office as a sales representative from October 2014 to May 2016.  Ms. Clemmons was the only

1

African American employee and one of only a few women in the Bronx office. A coworker of Ms. Clemmons, who became her supervisor, severely harassed her by engaging in egregious conduct including spraying cat urine in Ms. Clemmons's vehicle. Other supervisors also discriminated against Ms. Clemmons. After Ms. Clemmons complained about the discrimination and harassment, Lycamobile took no action and eventually retaliated against her by terminating her employment without a good cause for pretextual reasons.

## THE PARTIES

3. Plaintiff Maxine Clemmons is an African American woman who is domiciled in the Bronx, New York.

4. Defendant Lycamobile USA Inc. is a corporation organized under the laws of Delaware with its principal place of business in Newark, New Jersey.

## VENUE AND JURISDICTION

5. This Court has jurisdiction over Ms. Clemmons's §1981 claims pursuant to 28 U.S.C. §1343 and §1331. This Court has jurisdiction over Ms. Clemmons's claims under the New York City Human Rights Law pursuant to 28 U.S.C. §1367. Alternatively, the Court has jurisdiction over this action based on the diversity of citizenship of the parties and the amount in controversy exceeding $75,000.

6. Venue is properly before this Court pursuant to 28 U.S.C. §1391 as a substantial part of the events or omissions giving rise to the claim occurred in this District.

7. This Court has personal jurisdiction over Defendants because they operate a business in New York State and employed Plaintiff within New York State.

## **THE FACTS**

8. Maxine Clemmons is a 60-year-old African American woman.

9. On October 10, 2014, she was hired as a Marketing Representative in the Bronx office of Lycamobile. From that time, and until her termination on May 19, 2016, Ms. Clemmons was one of only a few female employees and the only African American employee at the Defendant's Bronx office.  Ms. Clemmons was also one of the very few non-South Asian employees at the office.

10. From the beginning of Ms. Clemmons's employment, Mohammed Khan, who eventually became Ms. Clemmons's supervisor at that time, harassed her.  Mr. Khan yelled at and spoke aggressively to Ms. Clemmons, criticized her for trivial matters such as the way Ms. Clemmons signed her name on the sign-in sheet and engaged in egregious acts such as spraying cat urine on the steering wheel of Ms. Clemmons's car and putting a nail in her tire.  Mr. Khan did not treat male employees in this fashion.

11. In July of 2015, Mr. Khan was promoted to manager despite having a poor sales performance.  As manager, Mr. Khan escalated his discriminatory conduct toward Ms. Clemmons.  Mr. Khan imposed requirements on Ms. Clemmons, such as the number of stores she was required to visit on a day, that were significantly higher than the requirements imposed on other Bronx office employees. Mr. Khan also disciplined Ms. Clemmons for conduct, such as having breakfast at the start of the workday, which he permitted the male employees.

12. Mr. Khan was not the only Lycamobile supervisor who discriminated against Ms. Clemmons.  Zaiul Karim Majumder, who was the office administrator of the Bronx office,

3

discriminated against her by not providing her with promotional material he provided to the male marketing representatives and failing to maintain Ms. Clemmons's company vehicle.

13.     In January 2016, Ms. Clemmons complained about Mr. Khan's harassment of her to Jeyabalan Balasingam, Mr. Khan's supervisor.  Although Mr. Balasingam stated that he was going to investigate Ms. Clemmons's complaint, the harassment by Mr. Khan continued.

14.     On May 19, 2016, Lycamobile terminated Ms. Clemmons's employment. The stated basis of the termination was "insubordinate behavior" and "not adhering to instructions and directions given to you by Management."  But Ms. Clemmons had not been insubordinate – she merely objected to her manager's discrimination and harassment.

15.     Thereafter, Lycamobile further retaliated against Ms. Clemmons by opposing, without any good cause, Ms. Clemmons's application for unemployment benefits.  As a result, Ms. Clemmons's receipt of those benefits was delayed although the New York State Department of Labor eventually found that Ms. Clemmons had not engaged in any misconduct and granted her the benefits.

**FIRST CLAIM FOR RELIEF**
(Race Discrimination in Violation of 42 U.S.C. §1981)

16.     Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

17.     Defendant discriminated against Plaintiff in the terms and conditions of her employment, based on her race, in violation of 42 U.S.C. §1981.

**SECOND CLAIM FOR RELIEF**
(Retaliation in Violation of 42 U.S.C. §1981)

18. Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

19. Defendant discriminated against Plaintiff in the terms and conditions of her employment, based on her opposition to race discrimination, in violation of 42 U.S.C. §1981.

### THIRD CLAIM FOR RELIEF
(Race Discrimination in Violation of NYCHRL)

20. Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

21. Defendant discriminated against Plaintiff in the terms and conditions of her employment based on her race in violation of the NYCHRL.

### FOURTH CLAIM FOR RELIEF
(Sex Discrimination in Violation of NYCHRL)

22. Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

23. Defendant discriminated against Plaintiff in the terms and conditions of her employment based on her sex in violation of the NYCHRL.

### FIFTH CLAIM FOR RELIEF
(Retaliation in Violation of NYCHRL)

24. Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

25. Defendant discriminated against Plaintiff in the terms and conditions of her employment based on her opposition to race and sex discrimination in violation of the NYCHRL.

WHEREFORE, Plaintiff demands judgment:

1.      Requiring Defendants to reinstate Plaintiff to the position she held prior to termination, with all employee benefits incidental thereto; or in the alternative awarding front pay;

2.      Enjoining Defendants, upon Plaintiff's reinstatement, from discriminating against Plaintiff on the basis of her race and sex, in the terms and conditions of her employment;

3.      Awarding Plaintiff back pay;

4.      Awarding Plaintiff compensatory damages, including but not limited to damages for emotional distress;

5.      Awarding Plaintiff punitive damages;

6.      Awarding reasonable attorneys' fees, costs, and expenses, and,

Granting such other legal and equitable relief to the Plaintiff as the Court may deem just and equitable.

## JURY DEMAND

Plaintiff demands trial by jury of all issues as of right by a jury.

Dated:      New York, New York
            August 16, 2017

                        GISKAN, SOLOTAROFF & ANDERSON LLP

                        /s
                        _____
                        By:    Jason L. Solotaroff
                        jsolotaroff@gslawny.com
                        Aliaksandra Ramanenka
                        aramanenka@gslawny.com
                        217 Centre Street
                        New York, New York 10013
                        646-964-9640
                        ATTORNEYS FOR PLAINTIFF