UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MAXINE CLEMMONS,

Plaintiff,

- against -

LYCAMOBILE USA INC.,

Defendants.
-----------------------------------------------------------------X

Civil Action No. 17 Civ. 6212 (SHS)

**ANSWER TO COMPLAINT**

Defendant LYCA TEL, LLC ("Lycatel" or "Defendant"), incorrectly sued herein as LYCAMOBILE USA INC., by and through its attorneys, Gordon Rees Scully Mansukhani, LLP, as and for its Answer to the Complaint filed by Plaintiff Maxine Clemmons ("Plaintiff") respectfully alleges as follows:

**ANSWERING "NATURE OF ACTION AND PRELIMINARY STATEMENT"**

1. Defendant denies the allegations set forth in paragraph "1" of the Complaint, except admits that Plaintiff purports to proceed as set forth therein. Defendant further denies that it violated 42 U.S.C. § 1981, the New York City Human Rights Law, or any other laws or legal obligations to Plaintiff, whether statutory or at common law. Defendant further denies that Plaintiff is entitled to any of the monetary or equitable relief, damages, interest, costs or attorneys' fees requested in this lawsuit or any relief whatsoever. To the extent not expressly admitted herein, all allegations set forth in the Complaint are specifically denied.

2. Defendant denies the allegations set forth in paragraph "2" of the Complaint, except admits that Plaintiff worked in Lycatel's local branch office in Bronx, New York, from October 2014 to May 2016.

## ANSWERING "THE PARTIES"

3. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the Complaint, except admits, upon information and belief, that Plaintiff is an African American woman.

4. Defendant denies the allegations set forth in paragraph "4" of the Complaint, except admits that Defendant Lycatel has its United States headquarters located in Newark, New Jersey.

## ANSWERING "VENUE AND JURISDICTION"

5. Defendant denies the allegations set forth in paragraph "5" of the Complaint, except admits that Plaintiff purports to state the basis for this Court's jurisdiction as set forth therein, and respectfully refers all matters of law to the Court.

6. Defendant denies the allegations set forth in paragraph "6" of the Complaint, except admits that Plaintiff purports to state the basis for venue in this Court as set forth therein, and respectfully refers all matters of law to the Court.

7. Defendant denies the allegations set forth in paragraph "7" of the Complaint, except admits that Plaintiff purports to state the basis for this Court's jurisdiction as set forth therein, and respectfully refers all matters of law to the Court.

## ANSWERING "THE FACTS"

8. Defendant admits, upon information and belief, the allegations set forth in paragraph "8" of the Complaint.

9. Defendant denies the allegations set forth in paragraph "9" of the Complaint, except admits that Plaintiff was hired on October 10, 2014 as a marketing representative for

Lycatel's local branch office in Bronx, New York, and that her employment was terminated on May 19, 2016.

10. Defendant denies the allegations set forth in paragraph "10" of the Complaint.

11. Defendant denies the allegations set forth in paragraph "11" of the Complaint, except admits that Mohammad Khan ("Khan") was promoted to Hotspot Manager in July 2015.

12. Defendant denies the allegations set forth in paragraph "12" of the Complaint.

13. Defendant denies the allegations set forth in paragraph "13" of the Complaint, except admits that Plaintiff complained to Jeyabalan Balasingam ("Balasingam") and that Balsingam investigated her allegations.

14. Defendant denies the allegations set forth in paragraph "14" of the Complaint, except admits that Plaintiff's employment was terminated on May 19, 2016, due to demonstrated insubordinate behavior and repeatedly not adhering to instructions and directions given by management.

15. Defendant denies the allegations set forth in paragraph "15" of the Complaint.

**ANSWERING "FIRST CLAIM FOR RELIEF"**
**(Race Discrimination in Violation of 42 U.S.C. § 1981)**

16. In response to paragraph "16" of the Complaint, Defendant repeats and reaffirms each and every response made in paragraphs "1" through "15" as if fully set forth herein.

17. Defendant denies the allegations set forth in paragraph "17" of the Complaint, and respectfully refers all matters of law to the Court.

**ANSWERING "SECOND CLAIM FOR RELIEF"**
**(Retaliation in Violation of 42 U.S.C. § 1981)**

18. In response to paragraph "18" of the Complaint, Defendant repeats and reaffirms each and every response made in paragraphs "1" through "17" as if fully set forth herein.

19. Defendant denies the allegations set forth in paragraph "19" of the Complaint, and respectfully refers all matters of law to the Court.

**ANSWERING "THIRD CLAIM FOR RELIEF"**
**(Race Discrimination in Violation of NYCHRL)**

20. In response to paragraph "20" of the Complaint, Defendant repeats and reaffirms each and every response made in paragraphs "1" through "19" as if fully set forth herein.

21. Defendant denies the allegations set forth in the second paragraph "21" of the Complaint, and respectfully refers all matters of law to the Court.

**ANSWERING "FOURTH CLAIM FOR RELIEF"**
**(Sex Discrimination in Violation of NYCHRL)**

22. In response to paragraph "22" of the Complaint, Defendant repeats and reaffirms each and every response made in paragraphs "1" through "21" as if fully set forth herein.

23. Defendant denies the allegations set forth in paragraph "23" of the Complaint, and respectfully refers all matters of law to the Court.

**ANSWERING "FIFTH CLAIM FOR RELIEF"**
**(Retaliation in Violation of NYCHRL)**

24. In response to paragraph "24" of the Complaint, Defendant repeats and reaffirms each and every response made in paragraphs "1" through "23" as if fully set forth herein.

25. Defendant denies the allegations set forth in paragraph "25" of the Complaint, and respectfully refers all matters of law to the Court.

26. The paragraphs immediately following paragraph "25", identified "1" through "6", of the Complaint state requests for relief to which no responsive pleading is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief whatsoever.

**DEFENSES**

**AS AND FOR A FIRST DEFENSE**

27. The Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND DEFENSE**

28. Even if Plaintiff is entitled to recover damages, which Defendant expressly denies, Plaintiff is barred or limited from recovering damages to the extent she failed to comply with her legal duty to mitigate those damages.

**AS AND FOR A THIRD DEFENSE**

29. At all times relevant to the acts alleged in the Complaint, Defendant's actions were reasonable, proper, lawful, made in good faith, and without malice, willfulness, or intent to violate Plaintiff's right and/or retaliate against Plaintiff.

**AS AND FOR A FOURTH DEFENSE**

30. Defendant has not violated any rights, privileges or immunities of Plaintiff under any federal, state or local laws.

**AS AND FOR A FIFTH DEFENSE**

31. Any and all actions taken by Defendant with respect to Plaintiff were based on legitimate, good faith, non-discriminatory and non-retaliatory reasons.

**AS AND FOR A SIXTH DEFENSE**

32. Plaintiff's claims are frivolous and groundless and known by Plaintiff to be frivolous and groundless and without foundation in fact or law. Furthermore, this suit is being pursued in bad faith for vexatious reasons for the purposes of harassing Defendant.

**AS AND FOR A SEVENTH DEFENSE**

33. Some or all of Plaintiff's injuries are or may be due, in whole or in part, to the actions of third parties over whom Defendant had no control and/or whose actions cannot be imputed to Defendant as a matter of law.

**AS AND FOR AN EIGHTH DEFENSE**

34. Plaintiff's Complaint fails to state a cause of action upon which exemplary or punitive damages may be awarded.

**AS AND FOR A NINTH DEFENSE**

35. Some or all of Plaintiff's injuries are due, in whole or in part, to her own actions.

**AS AND FOR A TENTH DEFENSE**

36. Plaintiff's claims are barred, reduced and/or limited pursuant to applicable statutory and common law regarding limitations of awards, caps on recovery, and set offs.

**AS AND FOR AN ELEVENTH DEFENSE**

37. Defendant exercised reasonable care and took reasonable steps to prevent and promptly correct any allegedly harassing behavior, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant.

**AS AND FOR A TWELFTH DEFENSE**

38. Plaintiff's claims are or may be barred by the doctrine of unclean hands.

**AS AND FOR A THIRTEENTH DEFENSE**

39. The conduct complained of by Plaintiff consists of nothing more than what a reasonable victim of discrimination or harassment would consider petty slights and trivial inconveniences.

**AS AND FOR A FOURTEENTH DEFENSE**

40. Even if Plaintiff is entitled to recover damages, which Defendant expressly denies, Plaintiff may be barred or limited from recovering damages based on the doctrine of after-acquired evidence.

**AS AND FOR A FIFTEENTH DEFENSE**

41. Some or all of the actions forming the basis of Plaintiff's alleged claims were committed by individuals outside the scope of their employment and cannot be imputed to Defendant as a matter of law.

**AS AND FOR A SIXTEENTH DEFENSE**

42. Some or all of Plaintiff's claims are barred by virtue of the equitable defenses of the doctrines of laches, waiver and/or estoppel.

**AS AND FOR A SEVENTEENTH DEFENSE**

43. Plaintiff's claims may be barred, in whole or in part, by the applicable statutes of limitations.

**AS AND FOR AN EIGHTEENTH DEFENSE**

44. Defendant reserves the right to assert additional defenses at any time as they may become known, and to amend its Answer accordingly.

**WHEREFORE**, Defendant demands judgment dismissing Plaintiff's Complaint with prejudice, together with the costs and disbursement of this action and all other and further relief this Court deems just and proper.

Dated: New York, New York
November 1, 2017

Respectfully submitted,

GORDON REES SCULLY
MANSUKHANI, LLP

By: /s/ Christopher A. Seacord

Mercedes Colwin
Christopher A. Seacord
Francis J. Giambalvo
One Battery Park Plaza, 28th Floor
New York, NY 10004
Tel: (212) 269-5500
Fax: (212) 269-5505
mcolwin@grsm.com
cseacord@grsm.com
fgiambalvo@grsm.com

*Attorneys for Defendant Lyca Tel, LLC*

cc: Jason L. Solotaroff (via ECF)
Aliaksandra Ramanenka (via ECF)
GISKAN, SOLOTAROFF & ANDERSON LLP
*Attorneys for Plaintiff*
217 Centre Street
New York, NY 20013
(646) 964-9640
jsolotaroff@gslawny.com
aramanenka@gslawny.com